# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM PAUL ESTEP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:15-CV-574 TLS |
| ) | |
| SGT. GARCIA, and CAPTAIN LIEWS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

William Paul Estep, a *pro se* prisoner, began this case by filing a complaint [ECF No. 1] that did not state a claim. The Court issued an Order [ECF No. 8] explaining why, and Estep was granted leave to file an amended complaint pursuant to *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint [ECF No. 10], Estep names the same two defendants, but provides additional factual details about his claims. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Estep alleges that on June 28, 2015, he threatened to commit suicide because Sgt. Garcia refused to place him in protective custody. As a result, Sgt. Garcia kept him in a segregation cell overnight. The next morning, he again threatened to commit suicide when Captain Liews refused

to place him in protective custody. As a result, they took him to the infirmary where he tried to kill himself the next day.

If not placing Estep in protective custody had resulted in him being attacked by other inmates, then he could have stated a claim by alleging that "deliberate indifference by prison officials effectively condone[d] the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). However, Estep was not subsequently attacked by other inmates and the fear of an attack that does not occur does not state a claim. *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997). Instead, he attempted suicide. In suicide cases, "[i]n order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act." *Estate of Novack ex rel. Turbin v. Cty. of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). Here, the defendants were cognizant that Estep was threatening suicide, but they did not ignore him. They took him to the infirmary. Though he attempted suicide the next day while in the infirmary under the care of medical staff, the decision by Sgt. Garcia and Captain Liews to take him there was nevertheless a reasonable effort on their part to prevent him from harming himself. Therefore, Estep has not stated a claim against Sgt. Garcia or Captain Liews.

Though this amended complaint does not state a claim against these two defendants, it is possible that he may yet be able to state a claim against one or more other individuals or entities who did not provide him with mental health treatment or protective custody. Therefore, he will be granted leave to file an amended complaint if he believes that he can state a claim. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). If he files an amended complaint, he needs to clearly name his new defendants. He needs explain how each defendant

knew that he needed medical care and/or protective custody. He needs to state what each defendant did or did not do which makes that defendant liable to him. In addition, he needs to provide a summons and USM-285 form for each named defendant.

For the foregoing reasons, the Court:

(1) **DIRECTS** the clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and send it to William Paul Estep along with three summons and three USM-285 forms;

(2) **GRANTS** William Paul Estep until March 31, 2016, to file an amended complaint along with the necessary other forms; and

(3) **CAUTIONS** William Paul Estep that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on February 24, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION
